UNITED STATES, Complainant,

*v.*

BENJAMIN E. STUART, Dft.

San Juan, Criminal, No. 3226.

256

Opinion filed December 26, 1923.

*Major Ira K. Wells,* United States District Attorney, for the United States.

*Mr. O. B. Frazer* for defendant.

ODLIN, Judge, delivered the following opinion:

The information in this case charges that on or about July 23, of the present year, the defendant Benjamin E. Stuart unlawfully did strike and wound Francisco Carrazo, an oiler on the steamship Mazama, which was a vessel under American registry, striking and wounding the said Francisco Carrazo upon the head three or more times with a hammer; and it is also alleged that the defendant Stuart at that time was acting as chief engineer on said steamer; and that the offense took place on the steamer while it was in the waters of the coast of Porto Rico, but within the harbor of San Juan within the maritime jurisdiction of the United States, as alleged.

A motion to quash the information was filed by counsel for the defendant, and upon argument of this motion it was conceded that at the time of the offense the steamer was tied to a dock within the harbor of San Juan. It is alleged in the information that by reason of this fact the offense was committed within the maritime jurisdiction of the United States, but in

the motion it is alleged that this court has no jurisdiction over the offense, and that therefore the motion to quash should be granted.

I feel obliged to grant this motion by reason of the language used by the Supreme Court of the United States in a case which was decided in 1910 and reported in 217 U. S. page 234, 54 L. ed. 748, 30 Sup. Ct. Rep. 447. This was a case of a murder which was committed on an American ship while lying inside the harbor of Honolulu in the territory of Hawaii. The case is entitled Wynne v. United States. Wynne was convicted and sentenced to death after a trial in the Federal court of Hawaii. His counsel carried the case to the Supreme Court of the United States and argued that the verdict and sentence of the Federal court should be set aside because the Federal court of Hawaii had no jurisdiction over the offense and that Wynne should have been tried in the territorial courts. Mr. Justice Lurton, who wrote the opinion of the United States, says that the jurisdiction of the Federal court in Hawaii existed because Congress had never parted with any control over the harbor of Honolulu. I quote the following significant sentence from the opinion of Mr. Justice Lurton: "If, when that act was passed, one who committed murder in the harbor of Honolulu was subject to trial in the courts of the United States, though within the territorial waters of Hawaii, the organic act neither expressly nor impliedly deprives the courts of the Union of the jurisdiction which they had before. It was within the power of Congress to confer upon its courts exclusive jurisdiction over all offenses committed within the territory, whether on land or water. This it did not elect to exercise."

I have carefully examined § 8 of the Organic Act of Porto

Rico, enacted by the Congress of the United States in 1917. That part of § 8 which bears upon the present question is as follows: "Section 8. That the harbor areas and navigable streams and bodies of water and submerged lands underlying the same in and around the Island of Porto Rico and the adjacent islands and waters, now owned by the United States and not reserved by the United States for public purposes, be, and the same are hereby, placed under the control of the government of Porto Rico, to be administered in the same manner and subject to the same limitations as the property enumerated in the preceding section: [39 Stat. at L. 954, chap. 145, Comp. Stat. § 3803 cc, Fed. Stat. Anno. Supp. 1918, p. 612]."

It will thus be seen that for some occult reason the Congress of the United States has seen fit to part with certain rights in Porto Rico which it declined to part with in Hawaii. The conclusion, therefore, to my mind is irresistible that if Stuart committed the offense with which he is accused he should be tried in the appropriate Insular court of Porto Rico, and not in this court. Therefore, the motion to quash must be granted.

Done and Ordered in open court at San Juan, Porto Rico, this 26th day of December, 1923.